UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

LAMONT DARNELL FORTUNE, )
)
    Petitioner, )
)
v. ) Nos. 2:20-CV-139
)      2:15-CR-132
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MEMORANDUM OPINION

Before the Court is Lamont Darnell Fortune's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 255].[1] The United States has responded in opposition. [Doc. 7]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; [*see also* Doc. 4]. Petitioner has also filed a motion for an extension of time to file a memorandum of law in support of his § 2255 motion [Doc. 2] and a motion to grant his § 2255 motion [Doc. 9], which are pending before this Court. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 255] will be **DENIED**, his motion to grant [Doc. 9] will be **DENIED**, and his motion for an extension [Doc. 2] will be **DENIED as MOOT**.

    **I.**    **BACKGROUND**

---

[1] Document numbers not otherwise specified refer to the civil docket.

In November 2015, Petitioner and three co-defendants were charged in an eleven-count Indictment pertaining to conspiracy and distribution of 280 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) along with related forfeiture allegations. [Crim. Doc. 3]. Petitioner was named in three counts and the forfeiture allegations. [*See id*.].

Prior to trial, the Government filed a total of three 21 U.S.C. § 851(a)(1) notices of intention to seek increased punishment based on prior felony drug convictions. The first provided information regarding Petitioner's November 1997 North Carolina conviction. [Crim. Doc. 11]. The second added information regarding another prior conviction, this one in 1999 in Virginia. [Crim. Doc. 49]. These two notices were filed before Petitioner's trial began. The third notice, filed after trial, omitted Petitioner's 1997 North Carolina conviction and corrected a clerical error in the case number for Petitioner's 1999 Virginia conviction. [Crim. Doc. 146].

On April 20, 2017, after a two-day trial, Petitioner was found guilty as to Counts One and Eight of the Indictment by a jury of his peers. [Crim. Doc. 155].[2] At the close of the Government's case-in-chief, Petitioner moved for a judgment of acquittal pursuant to Rule 29, which was denied by the Court. [Crim. Doc. 153].

Prior to sentencing, a Presentence Investigation Report ("PSR") was prepared. The PSR calculated a total offense level of 34 and a criminal history category of VI, resulting

---

[2] The Court incorporates by reference the facts of the case as set forth in the Offense Conduct section of the PSR. [Crim. Doc. 200, ¶¶ 6-14].

2

Case 2:20-cv-00139-RLJ-CRW   Document 10   Filed 03/16/22   Page 2 of 16   PageID #: 46

in a guideline range of 262 to 327 months. [Crim. Doc. 200, ¶ 72]. Pursuant to the Government's § 851 notice, the statutory mandatory minimum sentence was enhanced to 20 years, or 240 months' imprisonment. [*Id*. at ¶ 71]

The Government filed a notice of no objections to the PSR. [Crim. Doc. 202]. The Government also filed sentencing memorandum wherein it responded to Petitioner's objections to the PSR, concurred that the correct advisory guideline calculation was 262 to 327 months' imprisonment, and recommended a 262-month sentence. [Crim Doc. 214].

Petitioner, through counsel, filed a notice of objections to the PSR. [Crim. Doc. 205]. Petitioner raised objections to the facts (and admittedly fairly reflected trial testimony) in the Offense Conduct section of the PSR; the facts in paragraphs 33, 36, 39 regarding his prior convictions; the finding that he was responsible for 1.8 kilograms of drugs; the two-level enhancement pursuant to U.S.S.G. § 3C1.2 for obstruction of justice, the two-point criminal history enhancement for being on probation for a prior offense when he committed the instant offense; the finding that he was convicted of the offenses listed in paragraphs 36, 38, and 39; the determination that Petitioner fell within criminal history category VI; the inclusion of offense listed in paragraphs 47-58 which had previously been dismissed, some after a jury trial; and the advisory guidelines range as it would need to be recalculated if the Court sustained Petitioner's objections. [*Id*.]. The Government responded to Petitioner's objections in its sentencing memorandum [Crim. Doc. 214], and the probation officer filed a PSR addendum, addressing Petitioner's objections and including supporting documents for specific objections. [Crim. Doc. 215]. After

3

considering the filings and applicable law, the Court overruled all of Petitioner's objections. [Crim. Doc. 218].

Petitioner, through counsel, also filed a sentencing memorandum, requesting a sentence of 240 months, the statutory mandatory minimum. [Crim. Doc. 213]. Petitioner argued that 240 months was proper if the Court sustained Petitioner's objections to the PSR, that the § 3553 factors weigh in favor of a 240 months' sentence, that 240 months would afford adequate deterrence – both specific and general, that 240 months was a significant and severe punishment, and that anything more than 240 months would have been "overkill as it relate[d] to this defendant." [*Id*.]. Petitioner also alternatively argued for a bottom of the guidelines sentence of 262 months if the Court overruled Petitioner's objections and was inclined to sentence Petitioner within the advisory guideline range. [*Id*.].

On August 17, 2017, the Court sentenced Petitioner to a total of 272 months' imprisonment followed by 10 years of supervised release. [Crim. Doc. 221]. Petitioner filed a direct appeal on August 28, 2017. [Crim. Doc. 223]. The Court of Appeals issued a ruling affirming Petitioner's sentence on December 26, 2018. [Crim. Doc. 247]. Petitioner requested and received an extension of time to file a petition for a writ of certiorari, extending his time to file up to and including May 27, 2019. [Doc. 2, p. 5]. Petitioner failed to timely file a petition for writ of certiorari and his second motion for an extension of time to file was denied as he had already been granted an extension for the maximum amount of time allowed. [*Id*. at 6]. On June 23, 2020, Petitioner filed the instant § 2255 motion.

II. **STANDARD OF REVIEW**

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A

5

motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

Petitioner raises one claim of ineffective assistance of counsel in this § 2255 motion: for failing to "research and investigate" or "raise a proper challenge to the mandatory minimum enhanced sentencing under 21 U.S.C. § 841(b)(1)(A)". [Doc. 1, p. 4; Crim. Doc. 255]. The Government responds that Petitioner cannot show deficient performance because Petitioner was properly subjected to the statutory sentence enhancement for his 1999 Virginia felony drug conviction, and the Government provided reasonable notice of its intent to enhance Petitioner's sentence based on the prior conviction. [Doc. 7, pp.5-6].

Further, the Government contends that Petitioner cannot show prejudice because the sentencing enhancement did not increase or otherwise affect the advisory guidelines range within which Petitioner was sentenced and did not affect the district court's selection of the sentence imposed. [*Id*. at 7]. The Court will address Petitioner's ineffective assistance claim before addressing his non-dispositive motions.

### A. Ineffective Assistance of Counsel Claim

#### 1. *Timeliness*

As a preliminary matter, the Government asserts that Petitioner's motion is untimely as the one-year period of limitations applies to Petitioner's motion. [*Id*. at 4]. Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date when the judgment of conviction is finalized, 2) the date an impediment by government action is removed if applicable, 3) the date the asserted right was initially recognized by the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert a newly recognized right, nor does he assert any impediment by government action keeping him from timely filing this § 2255 motion. Therefore, the appropriate limitations date is the later date of when Petitioner's judgment became final or when the facts supporting the claim could have been discovered.

Petitioner's claims are based on facts surrounding Petitioner's prior 1999 Virginia felony drug conviction and its effect on Petitioner's sentence. These are facts which could have been discovered prior to Petitioner's sentencing hearing in August 2017 through the

7

Case 2:20-cv-00139-RLJ-CRW   Document 10   Filed 03/16/22   Page 7 of 16   PageID #: 51

exercise of due diligence. Because Petitioner filed an appeal, but did not file a petition for certiorari, Petitioner's judgment became final May 28, 2019, and thus, as the later of the two dates, is the date the Court will use in determining timeliness of the motion. *See Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). As Petitioner filed the instant motion June 23, 2020[3], almost a month beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), his motion is untimely, absent the applicability of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Petitioner alleges the lockdowns due to

---

[3] Petitioner claims in a mostly illegible note attached to his § 2255 motion that he had prepared his § 2255 motion in March 2020, but was unable to file until June 2020, due to the various procedures and lockdowns put in place in response to the COVID-19 global pandemic. [Doc. 1, Ex. 1]. However, applying the prison mailbox rule, Petitioner's § 2255 motion is deemed filed on June 23, 2020, the date on the handwritten note attached to the § 2255 motion, as there is no date on the actual § 2255 motion. [Doc. 1, Ex. 1, p.1]; *see Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

8

COVID-19 and limited access to the legal library after March 2020, prevented him from timely filing his motion. [Doc. 1, Ex. 1].

While pandemic-related lockdowns and loss of law library access can warrant equitable tolling in certain circumstances, those "certain circumstances" involve defendants who had been pursuing their rights diligently. *See Dunn v. Baca*, No. 3:19-cv-702, 2020 WL 2525772, at *2 (D. Nev. May 18, 2020) (finding that the pandemic had prevented counsel from obtaining necessary court records and halted ongoing investigations leaving "little to no doubt" that defendant was pursuing his rights diligently); *but see United States v. Barnes*, No. 18-cr-154, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020) ("Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay. COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020."). Here, Petitioner could have filed his § 2255 motion well before the COVID-19 procedures were put in place but failed to do so.

"Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition[.]" *Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017). Here, Petitioner has made general allegations without sufficient explanation. Petitioner attached memos from the prison regarding new procedures as of April 1, 2020, and June 2, 2020, which seem to still provide limited computer time for Petitioner and do not address how Petitioner was

9

prevented from timely filing his § 2255 motion. [Doc. 1, Ex. 1, pp. 4-5]. While Petitioner also provided the Court with two hand-written notes, neither seem to explain why Petitioner was unable to timely file his § 2255 motion.[4] [Doc. 1, Ex. 1, pp. 1-3 & 6].

Accordingly, Petitioner has not established that equitable tolling is warranted, and his § 2255 motion [Doc. 1; Crim. Doc. 255] will be **DENIED** as untimely.

### 2. *Merits*

Even if Petitioner had timely filed his § 2255 motion, Petitioner's claim fails on its merits. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a

---

[4] Liberal federal pleading standards do not permit litigants—even those acting *pro se*—to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n,* 19 F. App'x 321, 322 (6th Cir. 2001). While the Court was unable to fully decipher Petitioner's handwriting, it does not appear from the legible portions of Petitioner's notes that he has provided sufficient evidence to warrant equitable tolling.

10

claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner's primary argument for ineffective assistance of counsel is that his counsel did not raise a proper challenge to the enhancement for Petitioner's prior felony drug conviction. [Doc. 1, p. 5]. Petitioner also makes a conclusory statement that his attorney did not investigate properly whether Petitioner's 1999 Virginia conviction was a felony drug conviction for enhancement pursuant to 21 U.S.C. § 851. [*Id*.].

Petitioner's primary argument fails at *Strickland's* second step. Petitioner faults counsel for not raising a proper challenge to the use of the 1999 Virginia conviction for a sentence enhancement because the § 851 notice did not identify "elements of the crime,

11

such as relevant penal codes, drug amounts and types of substance, as required for definition of 'felony drug offense' under 21 U.S.C. § 802(44)." [Doc. 1, p. 4]. Under controlling precedent, reasonable notice of the Government's intent to rely on a particular conviction to seek enhancement and an opportunity for a defendant to contest the enhancement are all that is required to sustain an enhancement, regardless of strict compliance to the § 851(a) requirements. *United States v. Brown*, 737 F. App'x 741, 749 (6th Cir. 2018) (citing cases); *see also* [Crim. Doc. 247, pp. 10-11]. The Sixth Circuit has also warned against "elevating form over substance" in the § 851 context. *United States v. King*, 127 F.3d 483, 489 (1997) (finding an § 851 notice sufficient where it correctly stated only the type of offense and the location of the conviction).

Because the Government provided reasonable notice of its intent to use Petitioner's 1999 Virginia conviction to seek enhancement, and Petitioner was given an opportunity to contest the enhancement, raising an argument that the § 851 notice was deficient would have been frivolous. The law simply does not require an § 851 notice to contain the information Petitioner asserts should have been included. *See United States v. Layne*, 192 F.3d 556, 576 (6th Cir. 1999) (Section 851 does not describe "the specificity to which the government must identify prior convictions."). Counsel cannot be deemed ineffective for not raising frivolous arguments. *Chapman v. United States*, 74 F. App'x 590, 593 (6th Cir. 2003).

Further, the Government contends, and the record supports, that the enhanced statutory penalties did not increase or otherwise affect the advisory guidelines range within which Petitioner was sentenced. [Doc. 7, p. 7]; *see also* [Crim. Docs. 200, ¶ 71; 222, p. 2].

12

Petitioner's prior drug felony conviction enhancement only affected the statutory mandatory minimum, raising it to 20 years. [Crim. Doc. 200, ¶ 71]. However, Petitioner's advisory guidelines range, based solely on his totally offense level and criminal history category, was 262 to 371 months' imprisonment. [*Id*. at ¶ 72].

When the Court sentenced Petitioner to 272 months' imprisonment, the Court did so specifically because of the seriousness of the offense and Petitioner's extensive criminal history and probation violations. [Crim. Doc. 222, p. 2]. According to the record, the Court was concerned that Petitioner had a long criminal history of selling drugs, that he had violated his conditions of supervised release or probation in almost every one of those cases, that Petitioner had no employment history other than that of selling drugs, and that Petitioner seemed "very comfortable" in following a drug selling career. [*Id*. at 7-10]. There is no evidence that the § 851 enhancement for Petitioner's prior 1999 Virginia felony drug conviction had any effect on the Court's ultimate sentencing decision.

To the extent that Petitioner is arguing that the Government's § 851 notice for the 1999 Virginia conviction was insufficient to sustain the § 851 statutory enhancement, this issue was already litigated on direct appeal and is not reviewable absent highly exceptional circumstances, such as an intervening change in the law. *See* [Crim. Doc. 247, pp. 9-12]; *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Davis v. United States*, 417 U.S. 333, 345 (1974). There has been no intervening change in the law in this case, nor has Petitioner shown exceptional circumstances indicating a "complete miscarriage of justice."

13

Petitioner's secondary argument that his counsel failed to investigate is a conclusory statement and lacks specific factual support. Petitioner has not specified what his counsel may have discovered through further investigation or how further investigation would have affected the outcome of his case. As a result, the Court can reject this contention as insufficient to sustain the motion. *See Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020). Further, the PSR negates any argument that Petitioner's prior 1999 Virginia conviction was not a felony drug conviction because Petitioner was sentenced to 20 years' imprisonment for possession with intent to distribute crack cocaine, a Schedule II substance. [Crim. Doc. 200, ¶ 33]. Petitioner has provided no evidence that the PSR is factually incorrect.

Accordingly, Petitioner's ineffective assistance of counsel claim alternatively fails on its merits and will be **DENIED.**

### 3. Non-Dispositive Motions [Docs. 2 & 9]

In his motion for an order granting his § 2255 motion, Petitioner alleges that the United States failed to timely respond to his § 2255 motion per the Court's extension order [Doc. 6] and requests the Court issue a default judgment in Petitioner's favor and summary judgment granting relief. [Doc. 9]. This allegation is contradicted by the record and not credited. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). On August 6, 2020, the United States requested an extension of time to file its response [Doc. 5], which the Court granted, and gave the United States up to and including September 11, 2020, to file its response. [Doc. 6]. The United States filed its response on September 11, 2020, which was within the timeframe authorized by the Court. [Doc. 7].

Further, default judgment and summary judgment are unavailable in this context because Petitioner can only obtain relief under § 2255 upon satisfying his burden "to show that he is in custody in violation of the Constitution of the United States." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Accordingly, Petitioner's motion for order granting § 2255 motion [Doc. 9] will be **DENIED**.

Petitioner has also filed a motion for extension of time to file a memorandum of law for his § 2255 motion. [Doc. 2]. As discussed above, the Court has determined that Petitioner did not timely file his original § 2255 motion, nor is he entitled to relief under the prevailing law and specific facts of his claim. Accordingly, Petitioner's motion for an extension of time to file a memorandum of law [Doc. 2] will be **DENIED as MOOT**.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 255] will be **DENIED** and **DISMISSED**. His motion for extension of time to file [Doc. 2] will be **DENIED as MOOT**, and his motion for an order granting his § 2255 motion [Doc. 9] will be **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be

considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge